**Lewis C. RINTONE, Plaintiff–Appellant,**

v.

**SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant–Appellee.**

No. 87–5553.

United States Court of Appeals, Eleventh Circuit.

Feb. 16, 1989.

Andrea L. Wolfson, Hollywood, Fla., Debra Levy Neimark, Neimark & Neimark, Coral Springs, Fla., for plaintiff-appellant.

Gregory D. Artis, Southern Bell Tel. & Tel. Co., Atlanta, Ga., Eugene L. Heinrich, Heinrich, Gordon, Batchelder, Hargrove, Weihe & Gent, Ft. Lauderdale, Fla., for defendant-appellee.

Before JOHNSON, HATCHETT and COX, Circuit Judges.

PER CURIAM:

Finding no basis for federal court jurisdiction in this case, we reverse and remand with directions that the district court remand to the state courts.

Southern Bell employed Lewis C. Rintone in a non-supervisory position for thirteen years. A collective bargaining agreement between Southern Bell and the Communication Workers of America covered the terms of his employment. On March 22, 1984, Southern Bell fired Rintone. On September 30, 1986, Rintone filed suit against Southern Bell in a Florida state court, alleging wrongful discharge under Fla.

Stat.Ann. § 440.205 (West 1981). Southern Bell removed the case to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C.A. § 1441(b) (West 1973). Southern Bell contended, and the district court agreed, that section 301(a) of the Labor–Management Relations Act (LMRA), 29 U.S.C.A. § 185(a) (West 1978), preempted Rintone's claim because it involved the interpretation of a collective bargaining agreement. *See Textile Workers' Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Southern Bell then moved for summary judgment, arguing that the LMRA's six-month statute of limitations barred Rintone's claim. 29 U.S.C.A. § 160(b) (West 1973). The district court granted Southern Bell's motion for summary judgment.

The issue in this appeal is whether section 301(a) of the LMRA, 29 U.S.C.A. § 185(a) (West 1978), preempts Rintone's wrongful discharge claim. We hold that it does not. Rintone's claim involves a factual inquiry that is not "inextricably intertwined" with any provision of the collective bargaining agreement. His remedy, therefore, is independent of the agreement and his claim is not preempted by federal law. *Lingle v. Norge Division of Magic Chef, Inc.,* —— U.S. ——, ——, 108 S.Ct. 1877, 1882, 100 L.Ed.2d 410, 420 (1988) (section 301(a) of the LMRA does not preempt Illinois retaliatory discharge claim). Without preemption, no federal jurisdiction exists in this case. No federal question is presented and the parties did not allege diversity of citizenship. Accordingly, we reverse and direct the district court to remand this case to Florida state courts.

REVERSED AND REMANDED